# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class EDGAR E. MARTINEZ**
**United States Army, Appellant**

ARMY 20090582

Headquarters, Combined/Joint Task Force 82
Robert Rigsby, Military Judge
Lieutenant Colonel R. Patrick Huston, Staff Judge Advocate

For Appellant: Michael D.J. Eisenberg, Esquire (argued); Captain E. Patrick Gilman, JA; Michael D.J. Eisenberg, Esquire (on brief).

For Appellee: Captain John D. Riesenberg, JA (argued); Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Adam S. Kazin, JA (on brief).

25 October 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of false official statement and graft, in violation of Articles 107 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 907, 934 [hereinafter UCMJ]. The military judge also convicted appellant, contrary to his pleas, of soliciting another to commit an offense, in violation of Article 134 of the UCMJ. The military judge sentenced appellant to a bad-conduct discharge and to be confined for eighteen months. The convening authority approved the adjudged sentence.

On 7 June 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. *United States v. Martinez*, ARMY 20090582 (Army Ct. Crim. App. 7 June 2011). On 23 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). *United States v. Martinez*, 70 M.J. 360 (C.A.A.F. 2011). On 21 December 2011, we issued a decision in this case,

affirming the findings of guilty and the sentence. *United States v. Martinez*, ARMY 20090582 (Army Ct. Crim. App. 21 Dec. 2011). On 10 July 2012, our superior court reversed our decision as to Specification 2 of Charge III, soliciting another to commit an offense, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision as to the other specifications and charges; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Martinez*, 71 M.J. 347 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

## DISCUSSION

The elements of a crime under clause 1 or 2 of Article 134, UCMJ are that (1) the accused engaged in certain conduct, and (2) that the conduct was prejudicial to good order and discipline or service discrediting. *See Manual for Courts-Martial*, *United States*, (2008 ed.), pt. IV, ¶ 66.b(1)(e).

"The Government must allege every element expressly or by necessary implication, including the terminal element." *Fosler*, 70 M.J. at 232. In light of *Humphries*, even if this specification does not allege the terminal elements by necessary implication, the question remains whether the defect resulted in material prejudice to appellant's substantial right to notice. This question is answered by a close review of the record to determine if "notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215-216 (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

The government called Special Agent (SA) Geniuk as its first witness during its case-in-chief to help prove appellant was guilty of soliciting another to commit graft, in violation of Article 134, UCMJ. During his direct examination, he described how appellant solicited Sergeant First Class (SFC) TM to commit graft. During this examination, Trial Counsel asked SA Geniuk, "do you think that what [appellant] did and what he described was prejudicial to good order and discipline?" The witness answered in the affirmative and followed-up with a brief explanation.

In short, contrary to *Humphries*, in this case, it is clear from the record that appellant was reasonably placed on notice that the Government was pursuing a conviction under the theory that appellant's conduct was prejudicial to good order

and discipline.[*] Appellant was on notice and was not surprised that the government was required to prove his conduct was prejudicial to good order and discipline. Accordingly, any defect in the specification did not result in material prejudice to appellant's substantial right to notice.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Although not necessary to our disposition of this case, we note that the terminal element was "essentially uncontroverted" in this case.